STATE v. CLEMMONS

[97 N.C. App. 502 (1990)]

---

STATE OF NORTH CAROLINA v. JOSEPH CLEMMONS

No. 8922SC892

(Filed 6 March 1990)

**Criminal Law § 1532 (NCI4th)— preliminary hearing for probation violation—11 day lapse—defendant not prejudiced**

Although defendant was held for a period of eleven working days without a preliminary hearing on his violation of probation pursuant to N.C.G.S. § 15A-1345(c), defendant was not prejudiced by the lack of the preliminary hearing, since he was arrested in Virginia, which was prima facie evidence of a probation violation; defendant did not deny that he violated the conditions of his probation; and there was no need for a preliminary hearing to determine whether there was probable cause to believe he had violated a condition of his probation.

**Am Jur 2d, Criminal Law §§ 579, 653.**

Judge WELLS concurring.

Judge COZORT concurring.

APPEAL by defendant from judgment entered 9 June 1989 by *Judge James C. Davis* in Superior Court, IREDELL County. Heard in the Court of Appeals 15 February 1990.

On 5 February 1985, defendant-appellant was convicted of breaking and entering, larceny, and three counts of uttering a forged paper. He received a four year sentence, suspended for four years.

STATE v. CLEMMONS

[97 N.C. App. 502 (1990)]

On 13 March 1985, defendant was convicted of feloniously obtaining property by false pretense. He received a two year sentence, suspended for five years. As part of his condition of probation, defendant was ordered to remain within the jurisdiction of the Court unless granted written permission by the Court or the probation officer to leave; to report to the Court or the probation officer at reasonable times and places; and in a reasonable manner permit the probation officer to visit him at reasonable times; to notify the officer of any change in address or employment.

On 1 February 1989, defendant's probation officer filed a violation report which stated that the defendant had left his current residence in violation of the conditions of probation and moved to an unknown address. An order of arrest was issued that same day. The order of arrest was returned 27 February 1989 unserved because the Sheriff's department was unable to locate defendant in Iredell County.

On 18 May 1989, the defendant was arrested at the county jail in Christiansburg, Virginia. He was returned to North Carolina. The magistrate ordered on 18 May 1989 that defendant be held without bond and that he be held for the U.S. Marshals Service. The magistrate ordered defendant to appear in Iredell County Superior Court on 5 June 1989.

Counsel was appointed for defendant on 5 June 1989 and he appeared for hearing on 9 June 1989. Defendant admitted that he had violated probation. Judge Davis revoked defendant's probation in both cases and activated both sentences. From this judgment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Angelina M. Maletto, for the State.*

*Hazel L. Sherrill for the defendant.*

LEWIS, Judge.

Defendant assigns as error the fact that the trial court failed to hold a preliminary hearing on defendant's violation of probation pursuant to G.S. § 15A-1345(c). This statute requires a preliminary hearing within seven working days of an arrest of a probationer unless the probationer waives his right to a hearing. Defendant did not waive his right to a preliminary hearing, and asserts that

the trial court's failure to conduct a preliminary hearing violated the statute and his right to due process of law.

Defendant was arrested out-of-state on Thursday, 18 May 1989; his revocation hearing was set for Monday, 5 June 1989. Defendant was held for a period of eleven working days (Monday, 29 May being a holiday) without a preliminary hearing. Although we find that the Court failed to comply with the provisions of G.S. § 15A-1345(c), we hold that the defendant was not prejudiced by the lack of a preliminary hearing. The defendant was arrested in Virginia. This is prima facie evidence of a parole violation. He does not deny that he violated the conditions of his parole. There was no need for a preliminary hearing to determine whether there was probable cause to believe he had violated a condition of his probation.

Defendant received a fair hearing, free of prejudicial error.

No error.

Judges WELLS and COZORT concur.

Judge WELLS concurring.

At his hearing, defendant admitted his violations of the conditions of his probation. On appeal, he does not contend that he did not violate those conditions nor that his violations should for any reason be excused. His sole contention is that he was denied a preliminary hearing. Under these circumstances, I agree that the failure to give defendant a preliminary hearing has not prejudiced him in any way.

Judge COZORT concurring.

At the revocation hearing held on 5 June 1989, the defendant did not contest the alleged violation, nor did he raise the issue of his not having had a preliminary hearing prior to the revocation hearing. I find the defendant's failure to do either to constitute a waiver of the right to a preliminary hearing, and I vote to affirm on that basis.